## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| **ALYSSA RAE LARKIN,** individually<br>and as parent and next friend on behalf of<br>R.H. and A.L., minors<br>216 Susquehanna Road<br>Delta, PA 17314 | : | |
| | : | |
| and | : | |
| | : | |
| **TIMOTHY ANDREW TAYLOR**<br>216 Susquehanna Road<br>Delta, PA 17314 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | |
| **ANGELA D. SABOY**<br>c/o WARDEN/SHERIFF<br>Harford County Detention Center<br>1030 Rock Spring Road<br>Bel Air, MD 21014 | : | |
| | : | |
| and | : | |
| | : | |
| **DOUGLAS SABOY**<br>702 Ponderosa Court<br>Bel Air, MD 21014 | : | |
| | : | |
| and | : | |
| | : | |
| **JUNE 74 PROPERTIES, LLC**<br>530 Kirkcaldy Way<br>Abingdon, MD 21009 | : | |
| | : | |
| SERVE ON RESIDENT AGENT<br>    **ANGELA D. SABOY**<br>    c/o WARDEN/SHERIFF<br>    Harford County Detention Center<br>    1030 Rock Spring Road<br>    Bel Air, MD 21014 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT AND JURY DEMAND

Plaintiff Timothy A. Taylor, individually, and Alyssa R. Larkin, individually and as a parent and next friend on behalf of her minor children, R.H. and A.L., by undersigned counsel, Michael V. Nakamura, Samuel J. Briggs, and the law firm of Shulman, Rogers, Gandal, Pordy and Ecker, P.A., hereby file this Complaint and Jury Demand and for their causes of action state as follows:

## PARTIES

1.     At all times relevant hereto, Plaintiff Timothy A. Taylor (hereinafter "Mr. Taylor") was an adult resident of Delta, Pennsylvania.

2.     At all times relevant hereto, Plaintiff Alyssa R. Larkin (hereinafter "Ms. Larkin") was an adult resident of Delta, Pennsylvania.

3.     Ms. Larkin is the natural mother and legal guardian of her minor children, R.H. (DOB: 12/16/12) and A.L. (DOB: 06/29/2011).

4.     At all times relevant hereto, Plaintiff Mr. Taylor and Ms. Larkin were boyfriend and girlfriend, residing together with Ms. Larkin's children in Delta, Pennsylvania.

5.     Upon information and belief, and at all times relevant hereto, Defendant Angela D. Saboy (hereinafter "Mrs. Saboy") was an adult resident of Harford County, Maryland.

6.     Upon information and belief, and at all times relevant hereto, Defendant Douglas Saboy (hereinafter "Mr. Saboy") was also an adult resident of Harford County, Maryland.

7.     Upon information and belief, and at all times relevant hereto, Mr. and Mrs. Saboy were/are a married couple and, at the time of the subject accident, were living as husband and wife.

8.     Upon information and belief, and at all times relevant hereto, Defendant June 74 Properties, LLC was a corporation organized and existing under the laws of Maryland, with its principal place of business located in Maryland.

9.     Upon information and belief, on October 30, 2020, Mrs. Saboy was acting as an employee and/or agent of June 74 Properties, LLC, in the ordinary course of its business. Therefore, at the time of the subject collision, June 74 Properties, LLC was the employer and/or principal of its employee/agent, the Defendant, Angela D. Saboy.

10.     In material respects, all of the claims and events alleged herein occurred in Harford County, Maryland.

## JURISDICTION AND VENUE

11.     The jurisdiction of this Court over this civil action exists pursuant to 28 U.S.C. §1332 as the parties in this matter are citizens and corporations of different states and the matter in controversy exceeds the sum or value of $75,000.00.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C.§1391 (a), (b), and (c) as the individual and corporate Defendants live and transact business within this judicial district, and are thus subject to the jurisdiction of this court, and further, the subject collision giving rise to this matter occurred in Harford County, Maryland.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.     On or about October 30, 2020 at approximately 8:15 p.m., Plaintiff Alyssa Larkin and her minor son, A.L., and daughter, R.H., were passengers in a motor vehicle, driven by Plaintiff Timothy A. Taylor, traveling north on Calvary Road in Hartford County, Maryland.

12.     At that same time and place, Mrs. Saboy was operating a 2016 Jeep Wrangler, with the license plate number 7DN7911 MD and VIN No. 1C4BJWDG5GL145401, jointly registered

and owned with her husband, Douglas Saboy, traveling south on Calvary Road in Hartford County, Maryland.

13.     Upon information and belief, and pursuant to the State of Maryland's Motor Vehicle Crash Report, Mrs. Saboy was intoxicated and failed to maintain her lane of travel and crossed into the northbound lane causing a head on collision with Plaintiffs' vehicle.

14.     Upon information and belief, and pursuant to the State of Maryland's Motor Vehicle Crash Report, Mrs. Saboy was operating her motor vehicle in direct violation of:

a.a     Maryland Transportation Article 21-30A-Failure to drive right of center
a.b     Maryland Transportation Article 21-0902AII –Driving vehicle under influence of alcohol
a.c     Maryland Transportation Article 21-902III- Driving vehicle under influence of alcohol per-se
a.d     Maryland Transportation Article 21-902bII- Driving vehicle impaired by alcohol.

15.     After analysis revealed that Mrs. Saboy's blood alcohol concentration was three (3) times the legal limit under Maryland law, and on August 31, 2021, Mrs. Saboy pled guilty to two counts of violating Maryland Criminal Law Section 3-211 (c): "A person may not cause life-threatening injury to another as a result of the person's negligently driving, operating, or controlling a motor vehicle or vessel while the person is under the influence of alcohol or under the influence of alcohol per se."

16.     By operation of law, violation of the subject Maryland statutes is evidence of negligence. *See* MPJI – Cv 19:7 and annotations.

17.     As a direct result of the collision of October 30, 2020, proximately caused solely by Mrs. Saboy's negligence, Mr. Taylor suffered both extreme physical and emotional injuries of which he continues to suffer.

18.     As a direct result of the collision of October 30, 2020, proximately caused solely by Mrs. Saboy's negligence, A.L. suffered both extreme physical and emotional injuries of which he continues to suffer.

19.     As a direct result of the collision of October 30, 2020, caused by Mrs. Saboy's negligence, Ms. Larkin suffered life threatening and permanent injuries including, but not limited to, multiple rib fractures, liver laceration, and a right hand fracture in the scaphoid bone.  She continues to struggle daily with countless issues including, but not limited to, neck pain with radiculopathy to left shoulder and arm, lower and upper back pain and right hand/thumb pain, as well as post-traumatic stress disorder.

20.     As a direct result of the collision of October 30, 2020, which was proximately caused solely by Ms. Saboy's negligence, R.L. suffered life threatening and permanent injuries including, but not limited to, the following:

| | |
|---|---|
| a | Diffuse axonal brain injury with loss of consciousness, sequela |
| b | Closed fracture of distal end of right ulna |
| c | Closed fracture of left side of mandibular body |
| d | Closed fracture of left side of mandibular body |
| e | Closed fracture of right mandibular angle |
| f | Closed fracture of shaft of right femur- mid-shaft |
| g | Contusion of both lungs-RML, RLL, LUL |
| h | Difficult airway |
| i | IVH (intraventricular hemorrhage) left lateral ventricle |
| j | Liver laceration grade III, without open wound into cavity |
| k | Multiple rib fractures involving four or more ribs – right anterolateral rib fractures |
| l | Open fracture of vault of skull |
| m | Pneumothorax on right trace R apical, RML & RLL |
| n | Right supracondylar humerus fracture, closed, displaced comminuted mid-humerus |
| o | Subarachnoid hemorrhage bilateral frontal & parietal lobes and sylvan fissure |
| p | Subdural hematoma falx |
| q | Soft tissue injury of abdominal wall, right side flank to mid abdomen below ribs. |
| r | Abdominal wound requiring surgical closure |

21.     Mr. Taylor, Ms. Larkin, nor her minor children, R.H. and A.L., neither contributed to the negligence which caused this collision nor assumed the risk of the injuries they sustained.

## COUNT I- NEGLIGENCE
### Alyssa R. Larkin v. Angela Saboy

22.     The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

23.     At all times relevant hereto, Mrs. Saboy had a duty to Ms. Larkin to operate her motor vehicle in a careful and prudent manner for the conditions that existed.  This duty included, but was not limited to, dedicating full time and attention to the operation of her motor vehicle, reasonably controlling her speed, obeying the vehicular laws of the State of Maryland, and refraining from negligently striking other automobiles lawfully on the roadway.

24.     Mrs. Saboy breached that duty by operating her vehicle  in a negligent and careless manner to include, but not limited to, by driving under the influence of alcohol, by failing to control her speed, by failing to pay full time and attention, by failing to maintain a proper lookout, by failing to maintain control of her motor vehicle on a roadway to avoid a collision, by failing to exercise ordinary and reasonable care under the circumstances, by failing to stay in her lane of travel, by striking the front driver's side of Plaintiffs' vehicle, and was otherwise negligent by failing to obey all applicable motor vehicle laws of the State of Maryland.

25.     As a direct result of the collision of October 30, 2020, caused by Ms. Saboy's negligence, Ms. Larkin has suffered and continues to suffer from injuries, pain and suffering, pecuniary loss, lost wages, past and future medical expenses, and emotional distress.  Ms. Larkin's injuries include, but are not limited to, multiple rib fractures, liver laceration, and a right hand fracture in her scaphoid bone.  She continues to struggle with daily several issues including, but

not limited to, neck pain with radiculopathy to left shoulder and arm, lower and upper back pain and right hand/thumb pain.

26.     Ms. Larkin neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

WHEREFORE, Plaintiffs Timothy A. Taylor and Alyssa R. Larkin, both individually and on behalf of her minor children, R.H. and A.L., demand judgment against the Defendants, Angela D. Saboy, Douglas Saboy, June 74 Properties, LLC, jointly and severally, in an amount to exceed Seventy Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

## COUNT II- NEGLIGENCE
### Alyssa R. Larkin on behalf of minor, R.H., v. Angela Saboy

27.     The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

28.     At all times relevant hereto, Mrs. Saboy had a duty to R.H. to operate her motor vehicle in a careful and prudent manner for the conditions that existed.  This duty included, but was not limited to, dedicating full time and attention to the operation of her motor vehicle, reasonably controlling her speed, obeying the vehicular laws of the State of Maryland, and refraining from negligently striking other automobiles lawfully on the roadway.

29.     Mrs. Saboy breached that duty by operating her vehicle in a negligent and careless manner to include, but not limited to, by driving under the influence of alcohol, by failing to control her speed, by failing to pay full time and attention, by failing to maintain a proper lookout, by failing to maintain control of her motor vehicle on a roadway to avoid a collision, by failing to exercise ordinary and reasonable care under the circumstances, by failing to stay in her lane of

travel, by striking the front driver's side of Plaintiffs' vehicle, and was otherwise negligent by failing to obey all applicable motor vehicle laws of the State of Maryland.

30.     As a direct result of the collision of October 30, 2020, caused by Mrs. Saboy's negligence, R.H. has suffered and continues to suffer from injuries, pain and suffering, pecuniary loss, past and future medical expenses, and emotional distress.  R.H.'s injuries include but are not limited to:

| | |
|---|---|
| a | Diffuse axonal brain injury with loss of consciousness, sequela |
| b | Closed fracture of distal end of right ulna |
| c | Closed fracture of left side of mandibular body |
| d | Closed fracture of left side of mandibular body |
| e | Closed fracture of right mandibular angle |
| f | Closed fracture of shaft of right femur- mid-shaft |
| g | Contusion of both lungs-RML, RLL, LUL |
| h | Difficult airway |
| i | IVH (intraventricular hemorrhage) left lateral ventricle |
| j | Liver laceration grade III, without open wound into cavity |
| k | Multiple rib fractures involving four or more ribs – right anterolateral rib fractures |
| l | Open fracture of vault of skull |
| m | Pneumothorax on right trace R apical, RML & RLL |
| n | Right supracondylar humerus fracture, closed, displaced comminuted mid-humerus |
| o | Subarachnoid hemorrhage bilateral frontal & parietal lobes and sylvan fissure |
| p | Subdural hematoma falx |
| q | Soft tissue injury of abdominal wall, right side flank to mid abdomen below ribs. |
| r | Abdominal wound requiring surgical closure |

31.     R.H. neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

WHEREFORE, Plaintiffs Timothy A. Taylor and Alyssa R. Larkin, both individually and on behalf of her minor children, R.H. and A.L., demand judgment against the Defendants, Angela D. Saboy, Douglas Saboy, June 74 Properties, LLC, jointly and severally, in an amount to exceed Seventy Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all

costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

## COUNT III- NEGLIGENCE
### Alyssa R. Larkin on behalf of minor, A.L., v. Angela Saboy

32.     The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

33.     At all times relevant hereto, Mrs. Saboy had a duty to A.L., to operate her motor vehicle in a careful and prudent manner for the conditions that existed.  This duty included, but was not limited to, dedicating full time and attention to the operation of her motor vehicle, reasonably controlling her speed, obeying the vehicular laws of the State of Maryland, and refraining from negligently striking other automobiles lawfully on the roadway.

34.     Mrs. Saboy breached that duty by operating her vehicle in a negligent and careless manner to include, but not limited to, by driving under the influence of alcohol, by failing to control her speed, by failing to pay full time and attention, by failing to maintain a proper lookout, by failing to maintain control of her motor vehicle on a roadway to avoid a collision, by failing to exercise ordinary and reasonable care under the circumstances, by failing to stay in her lane of travel, by striking the front driver's side of Plaintiffs' vehicle, and was otherwise negligent by failing to obey all applicable motor vehicle laws of the State of Maryland.

35.     As a direct result of the collision of October 30, 2020, caused by Mrs. Saboy's negligence, A.L. has suffered and continues to suffer from injuries, pain and suffering, pecuniary loss, past and future medical expenses, and emotional distress.

36.     A.L. neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

WHEREFORE, Plaintiffs Timothy A. Taylor and Alyssa R. Larkin, both individually and on behalf of her minor children, R.H. and A.L., demand judgment against the Defendants, Angela D. Saboy, Douglas Saboy, June 74 Properties, LLC, jointly and severally, in an amount to exceed Seventy Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

**COUNT IV- NEGLIGENCE**
**Timothy A. Taylor v. Angela Saboy**

37.     The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

38.     At all times relevant hereto, Mrs. Saboy had a duty to Mr. Taylor to operate her motor vehicle in a careful and prudent manner for the conditions that existed.  This duty included, but was not limited to, dedicating full time and attention to the operation of her motor vehicle, reasonably controlling her speed, obeying the vehicular laws of the State of Maryland, and refraining from negligently striking other automobiles lawfully on the roadway.

39.     Mrs. Saboy breached that duty by operating her vehicle in a negligent and careless manner to include, but not limited to, by driving under the influence of alcohol, by failing to control her speed, by failing to pay full time and attention, by failing to maintain a proper lookout, by failing to maintain control of her motor vehicle on a roadway to avoid a collision, by failing to exercise ordinary and reasonable care under the circumstances, by failing to stay in her lane of travel, by striking the front driver's side of Plaintiffs' vehicle, and was otherwise negligent by failing to obey all applicable motor vehicle laws of the State of Maryland.

40.     As a direct result of the collision of October 30, 2020, caused by Mrs. Saboy's negligence, Mr. Taylor has suffered and continues to suffer from physical injuries, pain and suffering, pecuniary loss, lost wages, past and future medical expenses, and emotional distress.

41.     Mr. Taylor neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

WHEREFORE, Plaintiffs Timothy A. Taylor and Alyssa R. Larkin, both individually and on behalf of her minor children, R.H. and A.L., demand judgment against the Defendants, Angela D. Saboy, Douglas Saboy, June 74 Properties, LLC, jointly and severally, in an amount to exceed Seventy Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

## COUNT V – NEGLIGENT ENTRUSTMENT
### Alyssa R. Larkin v. Douglas Saboy

42.     The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

43.     The injuries, harm, and damages incurred by Ms. Larkin were incurred as a result of the use of the vehicle by Defendant Angela Saboy in a negligent and reckless manner, which because of prior behavior and actions, Defendant Douglas Saboy knew, or had a reason to know, was likely and involved an unreasonable risk of harm to others while driving a vehicle.

44.     Defendant Douglas Saboy, as co-owner of the vehicle driven by Defendant Angela Saboy, had the right to permit and the power to prohibit the use of the vehicle by Defendant Angela Saboy.

45.     Defendant Douglas Saboy knew or had reason to know, that Defendant Angela Saboy because of prior behavior and actions, was likely to drive the vehicle in a negligent and reckless manner involving an unreasonable risk of harm to others.

46.     As a direct result of Defendant Douglas Saboy negligently entrusting Defendant Angela Saboy with the vehicle, who then in fact operated said vehicle co-owned by Defendant Douglas Saboy in a negligent and reckless manner, Ms. Larkin has suffered and continues to suffer the exact type of harm contemplated by this cause of action, including physical injuries, pain and suffering, pecuniary loss, lost wages, past and future medical expenses, mental anguish and emotional distress.   Ms. Larkin's injuries include but are not limited to multiple rib fractures, liver laceration, and right hand fracture in her scaphoid bone.   She continues to struggle with daily several issues including, but not limited to, neck pain with radiculopathy to left shoulder and arm, lower and upper back pain and right hand/thumb pain.

47.     Ms. Larkin neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

WHEREFORE, Plaintiffs Timothy A. Taylor and Alyssa R. Larkin, both individually and on behalf of her minor children, R.H. and A.L., demand judgment against the Defendants, Angela D. Saboy, Douglas Saboy, June 74 Properties, LLC, jointly and severally, in an amount to exceed Seventy Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

### COUNT VI –
### NEGLIGENT ENTRUSTMENT
### <u>Alyssa R. Larkin, on behalf of minor, R.H., v. Douglas Saboy</u>

48.     The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

49.     The injuries, harm, and damages incurred by R.H. were incurred as a result of the use of the vehicle by Defendant Angela Saboy in a negligent and reckless manner, which, because of prior actions, Defendant Douglas Saboy knew, or had a reason to know, was likely and involved an unreasonable risk of harm to others while driving a vehicle.

50.     Defendant Douglas Saboy, as co-owner of the vehicle driven by Defendant Angela Saboy, had the right to permit, and the power to prohibit, the use of the vehicle by Defendant Angela Saboy.

51.     Defendant Douglas Saboy knew or had reason to know, that Defendant Angela Saboy, because of prior behavior and actions, was likely to drive his vehicle in a negligent and reckless manner involving an unreasonable risk of harm to others.

52.     As a direct result of Defendant Douglas Saboy negligently entrusting Defendant Angela Saboy with the vehicle, who then in fact operated said vehicle co-owned by Defendant Douglas Saboy in a negligent and reckless manner, R.H. has suffered and continues to suffer the exact type of harm contemplated by this cause of action, including physical injuries, pain and suffering, pecuniary loss, past and future medical expenses, mental anguish and emotional distress. RH's injuries include but are not limited to:

      a      Diffuse axonal brain injury with loss of consciousness, sequela
      b      Closed fracture of distal end of right ulna
      c      Closed fracture of left side of mandibular body
      d      Closed fracture of left side of mandibular body
      e      Closed fracture of right mandibular angle
      f      Closed fracture of shaft of right femur- mid-shaft

g    Contusion of both lungs-RML, RLL, LUL

h    Difficult airway

i    IVH (intraventricular hemorrhage) left lateral ventricle

j    Liver laceration grade III, without open wound into cavity

k    Multiple rib fractures involving four or more ribs – right anterolateral rib fractures

l    Open fracture of vault of skull

m    Pneumothorax on right trace R apical, RML & RLL

n    Right supracondylar humerus fracture, closed, displaced comminuted mid-humerus

o    Subarachnoid hemorrhage bilateral frontal & parietal lobes and sylvan fissure

p    Subdural hematoma falx

q    Soft tissue injury of abdominal wall, right side flank to mid abdomen below ribs.

r    Abdominal wound requiring surgical closure

53.    R.H. neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

WHEREFORE, Plaintiffs Timothy A. Taylor and Alyssa R. Larkin, both individually and on behalf of her minor children, R.H. and A.L., demand judgment against the Defendants, Angela D. Saboy, Douglas Saboy, June 74 Properties, LLC, jointly and severally, in an amount to exceed Seventy Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

### COUNT VII –
### NEGLIGENT ENTRUSTMENT
### Alyssa R. Larkin, on behalf of minor A.L., v. Douglas Saboy

54.    The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

55.    The injuries, harm, and damages incurred by A.L. were incurred as a result of the use of the vehicle by Defendant Angela Saboy in a negligent and reckless manner, which, because

of prior actions, Defendant Douglas Saboy knew, or had a reason to know, was likely and involved an unreasonable risk of harm to others while driving a vehicle.

56.    Defendant Douglas Saboy, as co-owner of the vehicle driven by Defendant Angela Saboy, had the right to permit, and the power to prohibit, the use of the vehicle by Defendant Angela Saboy.

57.    Defendant Douglas Saboy knew or had reason to know, that Defendant Angela Saboy, because of prior behavior and actions, was likely to drive the vehicle in a negligent and reckless manner involving an unreasonable risk of harm to others.

58.    As a direct result of Defendant Douglas Saboy negligently entrusting Defendant Angela Saboy with the vehicle, who then in fact operated said vehicle co-owned by Defendant Douglas Saboy in a negligent and reckless manner, A.L. has suffered and continues to suffer the exact type of harm contemplated by this cause of action, including physical injuries, pain and suffering, pecuniary loss, past and future medical expenses, mental anguish and emotional distress.

WHEREFORE, Plaintiffs Timothy A. Taylor and Alyssa R. Larkin, both individually and on behalf of her minor children, R.H. and A.L., demand judgment against the Defendants, Angela D. Saboy, Douglas Saboy, June 74 Properties, LLC, jointly and severally, in an amount to exceed Seventy Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

## COUNT VIII – NEGLIGENT ENTRUSTMENT
### Timothy A. Taylor v. Douglas Saboy

59.    The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

60.     The injuries, harm, and damages incurred by Mr. Taylor were incurred as a result of the use of the vehicle by Defendant Angela Saboy in a negligent and reckless manner, which, because of prior actions, Defendant Douglas Saboy knew, or had a reason to know, was likely and involved an unreasonable risk of harm to others while driving a vehicle.

61.     Defendant Douglas Saboy, as co-owner of the vehicle driven by Defendant Angela Saboy, had the right to permit, and the power to prohibit, the use of the vehicle by Defendant Angela Saboy.

62.     Defendant Douglas Saboy knew or had reason to know, that Defendant Angela Saboy, because of prior actions, was likely to drive the vehicle in a negligent and reckless manner.

63.     As a direct result of Defendant Douglas Saboy negligently entrusting Defendant Angela Saboy with the vehicle, who then in fact operated said vehicle owned by Defendant Douglas Saboy in a negligent and reckless manner, Mr. Taylor has suffered and continues to suffer the exact type of harm contemplated by this cause of action, including injuries, pain and suffering, pecuniary loss, lost wages, past and future medical expenses, mental anguish and emotional distress.

64.     Mr. Taylor neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

WHEREFORE, Plaintiffs Timothy A. Taylor and Alyssa R. Larkin, both individually and on behalf of her minor children, R.H. and A.L., demand judgment against the Defendants, Angela D. Saboy, Douglas Saboy, June 74 Properties, LLC, jointly and severally, in an amount to exceed Seventy Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

**COUNT IX-**
**RESPONDEAT SUPERIOR**
**Alyssa R. Larkin v. June 74 Properties, LLC**

65.     The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

66.     Upon information and belief, at all times relevant hereto, on October 30, 2020 at approximately 8:15 p.m., Defendant Angela Saboy was an agent and/or employee acting within the scope of her agency/employment and was furthering the business interests of Defendant June 74 Properties, LLC.

67.     As an agent/employee of June 74 Properties, LLC, Mrs. Saboy had a duty to Ms. Larkin to operate her motor vehicle in a careful and prudent manner for the conditions that existed. This duty included, but was not limited to, dedicating full time and attention to the operation of her motor vehicle, reasonably controlling her speed, obeying the vehicular laws of the State of Maryland, and refraining from negligently striking other automobiles lawfully on the roadway.

68.     June 74 Properties, LLC's employee/agent, Mrs. Saboy, breached that duty by operating her vehicle in a negligent and careless manner to include, but not limited to, by driving under the influence of alcohol, by failing to control her speed, by failing to pay full time and attention, by failing to maintain a proper lookout, by failing to maintain control of her motor vehicle on a roadway to avoid a collision, by failing to exercise ordinary and reasonable care under the circumstances, by failing to stay in her lane of travel, and by striking the Plaintiffs' vehicle, and was otherwise negligent by failing to obey all applicable motor vehicle laws of the State of Maryland.

69.    By operation of law, employers and/or principals are responsible for the acts of servants, employees, agents, and/or ostensible agents. Therefore, by law, June 74 Properties, LLC is vicariously liable for the negligence of its employee/agent, Mrs. Saboy.

70.    As a direct result of the collision of October 30, 2020, caused by Mrs. Saboy's negligence, Ms. Larkin has suffered and continues to suffer from injuries, pain and suffering, pecuniary loss, lost wages, past and future medical expenses, mental anguish and emotional distress.  Ms. Larkin's injuries include but are not limited to multiple rib fractures, liver laceration, and a right hand fracture in her scaphoid bone.  She continues to struggle with daily several issues including, but not limited to, neck pain with radiculopathy to left shoulder and arm, lower and upper back pain and right hand/thumb pain.

71.    Ms. Larkin neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

WHEREFORE, Plaintiffs Timothy A. Taylor and Alyssa R. Larkin, both individually and on behalf of her minor children, R.H. and A.L., demand judgment against the Defendants, Angela D. Saboy, Douglas Saboy, June 74 Properties, LLC, jointly and severally, in an amount to exceed Seventy Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

## COUNT X-
## RESPONDEAT SUPERIOR
### Alyssa R. Larkin on behalf of minor, R.H., v. June 74 Properties, LLC

72.    The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

73.     Upon information and belief, at all times relevant hereto, on October 30, 2020 at approximately 8:15 p.m., Defendant Angela Saboy was an agent/employee within the scope of her agency/employment and was furthering the business interests of Defendant June 74 Properties, LLC.

74.     As an agent/employee of June 74 Properties, LLC, Ms. Saboy had a duty to R.H. to operate her motor vehicle in a careful and prudent manner for the conditions that existed.  This duty included, but was not limited to, dedicating full time and attention to the operation of her motor vehicle, reasonably controlling her speed, obeying the vehicular laws of the State of Maryland, and refraining from negligently striking other automobiles lawfully on the roadway.

75.     June 74 Properties, LLC's employee/agent, Mrs. Saboy, breached that duty by operating her vehicle  in a negligent and careless manner to include, but not limited to, by driving under the influence of alcohol, by failing to control her speed, by failing to pay full time and attention, by failing to maintain a proper lookout, by failing to maintain control of her motor vehicle on a roadway to avoid a collision, by failing to exercise ordinary and reasonable care under the circumstances, by failing to stay in her lane of travel,  and by striking the Plaintiffs vehicle, and was otherwise negligent by failing to obey all applicable motor vehicle laws of the State of Maryland.

76.     By operation of law, as master, employer and/or principal responsible for the acts of servants, employees, agents, and/or ostensible agents, June 74 Properties, LLC is vicariously liable for the negligence of its employee/agent, Mrs. Saboy.

77.     As a direct result of the collision of October 30, 2020, caused by Mrs. Saboy's negligence, R.H. has suffered and continues to suffer from injuries, pain and suffering, pecuniary

loss, past and future medical expenses, and emotional distress.  R.H.'s injuries include, but are not limited to:

| | |
|---|---|
| a | Diffuse axonal brain injury with loss of consciousness, sequela |
| b | Closed fracture of distal end of right ulna |
| c | Closed fracture of left side of mandibular body |
| d | Closed fracture of left side of mandibular body |
| e | Closed fracture of right mandibular angle |
| f | Closed fracture of shaft of right femur- mid-shaft |
| g | Contusion of both lungs-RML, RLL, LUL |
| h | Difficult airway |
| i | IVH (intraventricular hemorrhage) left lateral ventricle |
| j | Liver laceration grade III, without open wound into cavity |
| k | Multiple rib fractures involving four or more ribs – right anterolateral rib fractures |
| l | Open fracture of vault of skull |
| m | Pneumothorax on right trace R apical, RML & RLL |
| n | Right supracondylar humerus fracture, closed, displaced comminuted mid-humerus |
| o | Subarachnoid hemorrhage bilateral frontal & parietal lobes and sylvan fissure |
| p | Subdural hematoma falx |
| q | Soft tissue injury of abdominal wall, right side flank to mid abdomen below ribs. |
| r | Abdominal wound requiring surgical closure |

78.     R.H. neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

WHEREFORE, Plaintiffs Timothy A. Taylor and Alyssa R. Larkin, both individually and on behalf of her minor children, R.H. and A.L., demand judgment against the Defendants, Angela D. Saboy, Douglas Saboy, June 74 Properties, LLC, jointly and severally, in an amount to exceed Seventy Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

**COUNT XI-**
**RESPONDEAT SUPERIOR**
**Alyssa R. Larkin on behalf of minor, A.L. v. June 74 Properties, LLC**

79.     The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

80.     Upon information and belief, at all times relevant hereto, on October 30, 2020 at approximately 8:15 p.m., Defendant Angela Saboy was an agent/employee within the scope of her agency/employment and was furthering the business interests of Defendant June 74 Properties, LLC.

81.     As an agent/employee of June 74 Properties LLC, Ms. Saboy had a duty to A.L.to operate her motor vehicle in a careful and prudent manner for the conditions that existed.  This duty included, but was not limited to, dedicating full time and attention to the operation of her motor vehicle, reasonably controlling her speed, obeying the vehicular laws of the State of Maryland, and refraining from negligently striking other automobiles lawfully on the roadway.

82.     June 74 Properties, LLC's employee/agent, Mrs. Saboy, breached that duty by operating her vehicle  in a negligent and careless manner to include, but not limited to, by driving under the influence of alcohol, by failing to control her speed, by failing to pay full time and attention, by failing to maintain a proper lookout, by failing to maintain control of her motor vehicle on a roadway to avoid a collision, by failing to exercise ordinary and reasonable care under the circumstances, by failing to stay in her lane of travel,  and by striking the Plaintiffs' vehicle, and was otherwise negligent by failing to obey all applicable motor vehicle laws of the State of Maryland.

83.     By operation of law, as master, employer and/or principal responsible for the acts of servants, employees, agents, and/or ostensible agents, June 74 Properties, LLC is vicariously liable for the negligence of its employee/agent, Mrs. Saboy.

84.     As a direct result of the collision of October 30, 2020, caused by Mrs. Saboy's negligence, A.L. has suffered and continues to suffer from injuries, pain and suffering, pecuniary loss, past and future medical expenses, and emotional distress.

WHEREFORE, Plaintiffs Timothy A. Taylor and Alyssa R. Larkin, both individually and on behalf of her minor children, R.H. and A.L., demand judgment against the Defendants, Angela D. Saboy, Douglas Saboy, June 74 Properties, LLC, jointly and severally, in an amount to exceed Seventy Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

## COUNT XII-
## RESPONDEAT SUPERIOR
### Timothy A. Taylor v. June 74 Properties, LLC

85.     The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

86.     Upon information and belief, at all times relevant hereto, on October 30, 2020 at approximately 8:15 p.m., Defendant Angela Saboy was an agent/employee within the scope of her agency/employment and was furthering the business interests of Defendant June 74 Properties, LLC.

87.     As an agent of June 74 Properties, LLC, Mrs. Saboy had a duty to Mr. Taylor to operate her motor vehicle in a careful and prudent manner for the conditions that existed.  This duty included, but was not limited to, dedicating full time and attention to the operation of her

motor vehicle, reasonably controlling her speed, obeying the vehicular laws of the State of Maryland, and refraining from negligently striking other automobiles lawfully on the roadway.

88.     June 74 Properties, LLC's employee/agent, Mrs. Saboy, breached that duty by operating her vehicle  in a negligent and careless manner to include, but not limited to, by driving under the influence of alcohol, by failing to control her speed, by failing to pay full time and attention, by failing to maintain a proper lookout, by failing to maintain control of her motor vehicle on a roadway to avoid a collision, by failing to exercise ordinary and reasonable care under the circumstances, by failing to stay in her lane of travel,  and by striking the Plaintiffs' vehicle, and was otherwise negligent by failing to obey all applicable motor vehicle laws of the State of Maryland.

89.     By operation of law, employers and/or principals are responsible for the acts of servants, employees, agents, and/or ostensible agents. Therefore, by law, June 74 Properties, LLC is vicariously liable for the negligence of its employee/agent, Mrs. Saboy.

90.     As a direct result of the collision of October 30, 2020, caused by Mrs. Saboy's negligence, Mr. Taylor has suffered and continues to suffer from injuries, pain and suffering, pecuniary loss, lost wages, past and future medical expenses, and emotional distress.

91.     Mr. Taylor neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

WHEREFORE, Plaintiffs Timothy A. Taylor and Alyssa R. Larkin, both individually and on behalf of her minor children, R.H. and A.L., demand judgment against the Defendants, Angela D. Saboy, Douglas Saboy, June 74 Properties, LLC, jointly and severally, in an amount to exceed Seventy Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all

costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.

By:

Michael V. Nakamura (#08915)
Samuel J. Briggs (#23169)
12505 Park Potomac Ave., 6th Floor
Potomac, Maryland 20854
(301) 230-5255 (P)
(301) 230-2891 (F)
MNakamura@shulmanrogers.com
SBriggs@shulmanrogers.com

## JURY DEMAND

Plaintiffs elect to have all issues raised herein tried to a jury.

Michael V. Nakamura (#08915)