IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARKIN, et al,                                    *

    *Plaintiffs*                              *

v.                                                *          Civil Case No: 1:22-cv-01258-JMC

SABOY, et al,                                     
                                                  *
    *Defendants.*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

Presently before this Court is Defendant June 74 Properties, LLC's ("Defendant June 74") Motion to Vacate Order of Default. (ECF No. 33). In addition to this Motion, the Court has considered Plaintiffs' Opposition to Defendant June 74, LLC's Motion to Vacate Order of Default. (ECF No. 35). The Court concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Motion is GRANTED, and the Court respectfully asks the Clerk to vacate the Clerk's Order of Default (ECF No. 22) entered on September 21, 2022.

## I.      Background

On May 25, 2022, Plaintiffs filed a civil Complaint with this Court against Defendants June 74, Angela Saboy, and Douglas Saboy. (ECF No. 1). Ms. Saboy is the Resident Agent of Defendant June 74.[1] (ECF No. 35-6 at 2). Relevant to this Motion, the Complaint alleges negligence on the part of Ms. Saboy in causing a catastrophic motor vehicle accident on October 30, 2020, resulting from Ms. Saboy's intoxication. (ECF No. 1 at ¶ 13). On July 1, 2022, a private

---

[1] Plaintiffs allege that Ms. Saboy is also the President and sole owner/member of Defendant June 74. (ECF No. 35 at 5). However, the Court reviewed the Articles of Organization attached to Plaintiffs' Opposition as Exhibit 6, and the only position held by Ms. Saboy indicated in that document is Resident Agent.

process server served Ms. Saboy with Summons and the Complaint in her individual capacity and as the resident agent for Defendant June 74. (ECF No. 35 at 1). Additionally, the private process server served multiple requests for discovery on both Ms. Saboy and Defendant June 74, including Plaintiff Alyssa Rae Larkin's First Set of Requests for Admissions to Defendant Angela Saboy. (ECF No. 35 at 2). Defendant June 74 was required to respond to the Complaint within twenty-one (21) days of service, which established a deadline of July 22, 2022. *Id.* On July 8, 2022, Defendants' counsel emailed Plaintiffs' counsel requesting the dates "when service was made on any of the parties in the litigation." (ECF No. 35-2 at 3). The email also alerted Plaintiffs' counsel to the fact that, at that time, Defendants' counsel had been asked to enter his appearance only for Mr. Saboy, and delays in filing any response to the Complaint were expected due to counsel's travel plans. *Id.* at 2. On July 11, 2022, Plaintiffs' counsel provided the dates on which process was served on all Defendants. *Id.* at 1. Defense counsel claims that Ms. Saboy, acting within her capacity as resident agent of Defendant June 74, notified State Farm Insurance Companies ("State Farm") of the lawsuit. (ECF No. 33 at 1). Despite State Farm's prompt recognition of its personal automobile liability policy with Ms. Saboy individually, State Farm was unable to locate a policy indicating its coverage of Defendant June 74 until September 21, 2022. *Id.* at 2.

Defendant June 74 failed to file its Answer by July 22, 2022. (ECF No. 35 at 2). Because none of the Defendants timely filed Answers to the complaint, this Court issued an Order on August 3, 2022, directing Plaintiffs to file and serve on each Defendant a motion for entry of default by the Clerk and a motion for default judgment by September 2, 2022. (ECF No. 15). Prior to any such filing by Plaintiffs, defense counsel filed an Answer on behalf of Ms. Saboy and Mr. Saboy on August 9, 2022, but counsel did not file an Answer on behalf of Defendant June 74 at that time. (ECF No. 16). That same day, Defendants' counsel informed Plaintiffs' counsel that an

attorney was looking into filing an Answer for Defendant June 74, but State Farm had yet to locate an insurance policy for Defendant June 74. (ECF No. 35-3 at 2).

On September 7, 2022, the Court issued a Paperless Order again directing Plaintiffs to file and serve on Defendant June 74 a motion for entry of default by the Clerk and a motion for default judgment. (ECF No. 19). On September 19, 2022, Plaintiffs filed their Motion for Entry of Default (ECF No. 20), and the Clerk entered an Order of Default (ECF No. 22) on September 21, 2022. On the day the Clerk filed an entry of default, Defendant June 74 filed its Answer (ECF No. 24). Pursuant to the Clerk's notice of Entry of Default (ECF No. 23), Defendant June 74 had until October 21, 2022, to file a motion to vacate the order of Default. Defendant June 74 timely filed the pending Motion on October 20, 2022. Defendant June 74 claims that the sole cause of its delay in filing an Answer was State Farm's inability to locate Defendant June 74's insurance policy. (ECF No. 33 at 2). Defendant June 74's Answer was filed the same day that State Farm located Defendant June 74's commercial liability policy. *Id.*

Plaintiffs rely on a theory of *respondeat superior* to hold Defendant June 74 liable for Ms. Saboy's alleged negligence. *Id.* at ¶¶ 65–91. In its Motion, Defendant June 74 asserts that it was not involved in the accident, Ms. Saboy was driving her own personal vehicle at the time of the accident, and Ms. Saboy was not driving the vehicle for the benefit of Defendant June 74. (ECF No. 33 at 3). Plaintiffs contend that the investigating officer's incident report provides, "I asked Saboy if she was driving the Jeep she stated yes, and that she was on her way to Havre De Grace to pick up rent."[2] (ECF No. 35-5). Furthermore, Plaintiffs rely upon Ms. Saboy's failure to timely respond to Plaintiffs' requests for admissions. Specifically, Ms. Saboy allegedly failed to respond

---

[2] Plaintiffs provide what is purported to be the investigating officer's incident report as Exhibit 5 in its Opposition. The Court has reviewed this document, and the Court is unable to locate the quoted material therein. The Court notes, however, that the existence or accuracy of the quotation will not alter the Court's analysis.

to Request for Admission No. 4: "You were traveling to Havre de Grace to pick up rent, on behalf of June 74 Properties, LLC, at the time of the Collision." (ECF No. 35 at 6). Based upon Ms. Saboy's failure to respond, Plaintiffs contend that this request is deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3), and the evidence presented renders Defendant June 74's asserted defense non-meritorious. (ECF No. 35 at 6).

## II.   Standard for Vacating Entry of Default (Fed. R. Civ. P. 55(c))

After the Clerk enters default, "[t]he Court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). When compared to the standard under Rule 60(b), the "good cause" standard in Rule 55(c) "is more forgiving of defaulting parties because it does not implicate any interest in finality." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417. Therefore, motions to set aside a Clerk's entry of default "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). Here, the Clerk has made an entry of default against Defendant June 74, but the Court has not issued a default judgement. Therefore, the Motion will be considered pursuant to the more lenient standard of Rule 55(c), rather than Rule 60(b). *See 68th Street Site Work Group v. Airgas, Inc.*, No. 20-cv-03385-SAG, 2021 WL 3080055, at *3 (D. Md. July 21, 2021).

The Court shall consider six relevant factors in analyzing this motion:

(1) Whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic.

4

*Id.* (quoting *Payne ex rel. Est. of Calzada v. Brake*, 4398 F.3d 198, 204–05 (4th Cir. 2006)) (internal quotations omitted).

### 1. Presence of a Meritorious Defense

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Id.* at 812 (other citations and internal quotations omitted). Although the burden for satisfying the requirement of a meritorious defense is not heavy, "[a] meritorious defense must be more than a conclusory statement of fact and must 'permit a finding for the defaulting party.'" *Kihn v. Vavala*, No. 8:18-cv-02619-PX, 2019 WL 2492350, at *2 (D. Md. June 14, 2019) (quoting *Russell v. Krowne*, No. DKC 08-2468, 2013 WL 66620, at *3 (D. Md. Jan. 3, 2013)) (other citations omitted).

Plaintiffs' claims against Defendant June 74 are brought under a theory of *respondeat superior*.[3] Plaintiffs argue that the investigating officer's report and Ms. Saboy's failure to answer Request for Admission No. 4 establish that Defendant June 74 lacks a meritorious defense. Assuming for purposes of this analysis only that Ms. Saboy's lack of response precludes her ability to deny making the statement at trial, it does not, by itself, establish respondeat superior liability, nor does it preclude Defendant June 74 from offering evidence to the contrary. *Compare, with Joe Hand Promotions, Inc. v. Augustine*, No. 1:21-cv-02323-SDG, 2022 WL 4361825, at *3

---

[3] "[T]here are four elements to establish *respondeat superior* in Maryland: (1) the existence of an employer-employee relationship; (2) the tortious act must have occurred 'within the scope of the employment relationship' (3) the employer consented, explicitly or implicitly, to the use of the automobile; and (4) the employer had the right to control the employee in the operation of the automobile or the use of the automobile was vitally important in furthering the master's business." *Forkwar v. Empire Fire and Marine Ins. Co.*, 487 F. App'x 775, 778 (4th Cir. 2012).

(N.D. Ga. Sep. 19, 2022) (recognizing that failing to answer requests for admission may act to deem the request admitted, but the defendant's admission that she "advertised herself to be an owner of [the business] does not prove she *is* an owner . . . ."). Utilizing a logical thought process similar to that used in *Augustine*, this Court concludes that Ms. Saboy's admission to collecting rent for Defendant June 74 does not prove the requisite elements of *respondeat superior*.

More concerning to the Court is Defendant June 74's bare assertions that it was not involved in the accident, Ms. Saboy was driving her own personal vehicle at the time, and Ms. Saboy was not driving for the benefit of Defendant June 74. However, the Court has found several cases in which bare assertions of a meritorious defense did not dissuade it from vacating entries of default. *See e.g.*, *Nat'l Liab. & Fire Ins. Co. v. Rooding*, No. ELH-15-2572, 2016 WL 5144493, at *7 (D. Md. Sep. 21, 2016) (although defendant did little more than state a conclusory position, the Court recognized the possibility that "defense counsel hurriedly filed the motion to vacate to avoid further delay . . ."); *Propps v. Kirkpatrick*, No. 21-01744-SAG, 2021 WL 4951930, at *2 (D. Md. Oct. 25, 2021) ("[d]efendant did not proffer any evidence . . . [b]ut it is unnecessary as a result of this Court's evaluation of the other factors below."); *Cofield v. Worktime, Inc.*, No. 22-00727-SAG, 2022 WL 2315723, at *2 (D. Md. June 28, 2022) ("[defendant] did not actually proffer any evidence . . . [but] it is ultimately unnecessary as a result of this Court's evaluation of the other factors below."). For the sake of argument, the Court will assume that this factor weighs in favor of Plaintiffs.[4]

---

[4] Although not binding on this Court, the United States District Court for the Eastern District of Pennsylvania is "unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists." *Wiggins v. Universal Prot. Servs.*, No. 21-cv-303, 2021 WL 4071160, at *2 (E.D. Pa. July 27, 2021) (other citations and internal quotations omitted). This language coincides with the opinions issued by this Court regarding vacating entries of default.

## 2.  Acting with Reasonable Promptness

"[A] party attempting to set aside an entry of default must act with reasonable promptness in responding to the entry of default . . . ." *Wainwright's Vacations, LLC, v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) (other citations and internal quotations omitted). Therefore, this factor directs the Court to focus only on Defendant June 74's actions taken in vacating the entry of default. *See id.* Although Rule 55(c) does not provide a specific time frame for filing a motion to vacate, the Notice of Default (ECF No. 23) provided Defendant June 74 with thirty (30) days to act. Accordingly, Defendant June 74 had until October 21, 2022, to reply to the entry of default, and the present Motion was filed on October 20, 2022. Furthermore, Defendant June 74 filed its Answer (ECF No. 24) only hours after the Clerk filed the entry of default. The Court concludes that Defendant June 74 acted with reasonable promptness in responding to the entry of default.

## 3.  Personal Responsibility for the Default

"In determining whether a default was the willful personal responsibility of a defendant, the 'extreme sanction of judgment by default is reserved only for cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court.'" *Russell*, 2013 WL 66620, at *3 (quoting *Mezu v. Morgan State Univ.*, No. 09-2855, 2010 WL 1068063, at *6 (D. Md. Mar. 18, 2010)) (other citation omitted). Here, according to Defendant June 74, the default resulted from State Farm's inability to locate an insurance policy covering Defendant June 74. On August 9, 2022, after the Court had already ordered Plaintiffs to file motions for entry of default, Defendants' counsel informed Plaintiffs' counsel of the inability to locate Defendant June 74's insurance policy at that time. Considering all the circumstances, the Court finds that Defendant June 74's delay "was [not] motivated by any

intent on Defendant's part to disregard or derail the legal process." *Propps*, 2021 WL 4951930, at
*2 (weighing this factor in defendant's favor because the default resulted "from the liability
insurance carrier's failing to assign counsel . . .."). This factor leans in favor of Defendant June 74.

### 4. Prejudice

Plaintiffs argue that setting aside the default would cause them to suffer prejudice because
of the "catastrophic damages the Plaintiffs have incurred as a result of this incident . . . ." (ECF
No. 35 at 8) Furthermore, Plaintiffs argue that Defendant June 74's "unexcused dilatory action in
this case" has resulted in delaying "the resolution of this tragic matter . . . ." *Id.* at 9. However, the
"prejudice factor is not satisfied where a plaintiff faces no disadvantage . . . beyond that suffered
by any party which loses a quick victory." *Propps*, 2021 WL 4951930, at *2 (finding prejudice
factor in favor of the defendant despite the plaintiff's arguments regarding their "catastrophic
injuries" and prolonged suffering) (other citation and internal quotations omitted). "[A]s obvious
as it may be, it bears mention that no cognizable prejudice inheres in requiring a plaintiff to prove
a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal
court." *Colleton*, 616 F.3d at 419. Defendant June 74's Answer was filed exactly two months after
it was due, "which is not a particularly meaningful delay in the context of slow-moving federal
litigation." *Propps*, 2021 WL 4951930, at *2 (finding that a one-month delay was not particularly
meaningful). Notably, the Court twice directed Plaintiffs to proceed through the process of
obtaining a default judgment against Defendant June 74, a fact which undercuts Plaintiffs'
"prejudiced by delay" argument. Plaintiffs have failed to establish that they would be prejudiced
by the setting aside of the entry of default, and this factor weighs in favor of Defendant June 74.

8

**5.   History of Dilatory Action**

Plaintiffs assert that Defendant June 74's failure to timely respond to discovery requests amount to dilatory action.[5] If Defendant June 74 has failed to respond to discovery requests, the Court agrees that this factor weighs in favor of Plaintiffs. As evidenced in Plaintiffs' Opposition, Defendant June 74 was served with discovery requests on July 1, 2022. (ECF No. 35-7). As of the date Plaintiffs filed their Opposition, Defendant June 74 allegedly has yet to respond to any request for discovery. Therefore, this factor weighs in favor of Plaintiffs.

**6.   Availability of Less Drastic Sanctions**

As admitted by Plaintiffs, there are less drastic measures other than default available in this case, such as "requiring Defendant [June 74] to pay Plaintiff[s'] costs, expenses, and attorney's fees related to Plaintiff[s'] need to seek default." *Propps*, 2021 WL 4951930, at *3. "[W]hen a default judgment is vacated[,] the trial court may nonetheless impose other sanctions against the offending attorney, such as awarding the non-movant's costs and attorney's fees." *Augusta*, 843 F.2d at 811. The availability of lesser sanctions in this case leads the Court to conclude that this factor weighs in favor of Defendant June 74. However, Plaintiffs will be permitted to file a motion, within two weeks of the date of this opinion, seeking reasonable costs and attorney's fees relating only to Plaintiffs' filings which requested an entry of default (ECF No. 20) and default judgment (ECF No. 21). Furthermore, upon the implementation of a scheduling order in this case, Plaintiffs will be permitted to motion this Court for any reasonable sanctions regarding Defendants' failure to respond to discovery requests.

**III.   Conclusion**

For the reasons provided above, Defendant June 74 Properties, LLC's Motion to Vacate

---

[5] Because the entry of default pertains only to Defendant June 74, the Court does not consider Ms. Saboy's failure to respond to discovery requests when determining this Motion.

Order of Default is hereby GRANTED. A separate order follows.


Date: November 21, 2022                                    _____/s/_____
                                                          The Honorable J. Mark Coulson
                                                          United States Magistrate Judge
                                                          for the District of Maryland