IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ALYSSA RAE LARKIN, et al.,** | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No: 1:22-cv-01258-JMC |
| **ANGELA D SABOY, et al.,** | * | |
| *Defendants.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION & ORDER**

Presently before the Court is Plaintiffs' Motion for Costs and Attorney's Fees (ECF No. 39). As a sanction for Defendant June 74 Properties, LLC's ("Defendant June 74") failure to timely respond to Plaintiffs' Complaint, Plaintiffs are seeking costs[1] and attorney's fees relating to Plaintiffs' filing of a Motion for Entry of Default (ECF No. 20) and Motion for Default Judgment (ECF No. 21). Specifically, Plaintiffs seek Three Thousand, Six Hundred Sixty-Four Dollars ($3,664.00) in attorney's fees from Defendant June 74. (ECF No. 39 at p. 6).[2] In addition to the pending Motion, the Court has considered Defendant June 74's Opposition (ECF No. 40). Plaintiff has not filed a reply. No hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiffs' Motion is DENIED without prejudice to Plaintiffs' ability to refile by February 2, 2023.

---

[1] Although Plaintiffs title the pending Motion as one for "Costs and Attorney's Fees," it does not appear that Plaintiffs are seeking recovery of any costs. *See* (ECF No. 39-2, Proposed Order at p. 1 ("the amount of $3,664.00, as reasonable attorney's fees related to the default filings in this case.")).

[2] When the Court cites to an ECF page or page range, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of each electronically filed document.

I.     **Background**

In its November 21, 2022 Opinion granting Defendant June 74's motion to vacate the Clerk's entry of default, this Court summarized the events leading to Plaintiffs appropriately filing their Motions for Entry of Default (ECF No. 20) and Default Judgment (ECF No. 21). The Court hereby incorporates the portion of that Opinion titled "I. Background." (ECF No. 36 at pp. 1–4). When addressing the availability of less drastic sanctions, the Court stated, "Plaintiffs will be permitted to file a motion . . . seeking reasonable costs and attorney's fees relating only to Plaintiffs' filings which requested an entry of default (ECF No. 20) and default judgment (ECF No. 21)." (ECF No. 36 at p. 9).

II.    **Legal Standard**

As the Court noted in its November 21, 2022 Opinion vacating the Clerk's entry of default, "when a default judgment is vacated[,] the trial court may nonetheless impose other sanctions against the offending [party], such as awarding the non-movant's costs and attorney's fees." *Id.* After determining whether costs and attorney's fees are an appropriate sanction, the Court must then consider the reasonableness of the requested amount. *Macregen, Inc. v. Burnette*, No. 1: 19CV591, 2021 WL 2223771, at *2 (M.D.N.C. June 2, 2021). In calculating an award of attorney's fees, the Court must first determine the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended[.]" *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). "To ascertain what is reasonable in terms of hours expended and the rate charged, the Court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). The *Johnson* factors, as characterized by the Fourth Circuit in *McAfee*, include:

> (1) [T]he time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the

attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Corral v. Montgomery Cnty.*, 91 F. Supp. 3d 702, 712–13 (D. Md. 2015) (citing *McAfee*, 738 F.3d at 88, n.5).[3]

### III.   Analysis

#### 1.   The sanction of reasonable attorney's fees is appropriate.

The sanction of reasonable attorney's fees is an appropriate sanction for Defendant June 74's default. Defendant June 74's response to the Complaint was due on July 22, 2022. On August 3, 2022, this Court issued an Order directing Plaintiffs to file and serve on each Defendant a motion for entry of default by the Clerk and a motion for default judgment by September 2, 2022. (ECF No. 15). On September 7, 2022, the Court issued a Paperless Order again directing Plaintiffs to file and serve on Defendant June 74 a motion for entry of default by the Clerk and a motion for default judgment. (ECF No. 19). Plaintiffs filed the relevant default motions (ECF Nos. 20 & 21) on September 19, 2022, and the Clerk entered default against Defendant June 74 (ECF No. 22) on September 21, 2022.

In its Opposition, Defendant June 74 asserts that "we believe . . . the circumstances in this matter suggest that the granting of attorney's fees is unjust as there was no bad faith on behalf of counsel for June 74." (ECF No. 40 at p. 4). Firstly, the Court recognizes, as it did in its Opinion

---

[3] "Typically, after determining the lodestar figure, the court should subtract fees spent on unsuccessful claims and then award a percentage of the remaining amount." *Macregen*, 2021 WL 2223771, at *3, n.2 (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009)). Given that Plaintiffs are seeking an award of attorney's fees as a sanction for Defendant June 74's default, "these subsequent steps do not easily apply." *Macregen*, 2021 WL 2223771, at *3, n.2.

vacating the entry of default, that "Defendant June 74's delay was [not] motivated by any intent on Defendant's part to disregard or derail the legal process."  (ECF No. 36 at pp. 7–8 (quoting *Propps v. Kirkpatrick*, No. 21-01744-SAG, 2021 WL 4951930, at *2 (D. Md. Oct. 25, 2021) (internal quotations omitted)).  Furthermore, the Court does not believe that counsel for Defendant June 74 exercised any bad faith in his representations regarding the inability of Defendant June 74's insurance provider to find Defendant June 74's policy.  Any award of attorney's fees will be against Defendant June 74, not its attorneys.  However, there is no challenge to the fact that Defendant June 74 was properly served through its resident agent—Defendant Angela Saboy—on July 1, 2022.  (ECF No. 36 at pp. 1–2).  Defendant June 74 failed to respond to the Complaint by July 22, 2022, and the Court issued two orders putting Defendant June 74 on notice regarding Plaintiffs' impending initiation of the default process.  Defaults frustrate the judicial efficiency of this Court and often unnecessarily delay cases already facing a substantial time commitment.  The less drastic sanction of attorney's fees, as compared to maintaining the default, is exactly the type of less drastic sanction warranted in this situation.  *See, e.g.*, *Propps*, 2021 WL 4951930, at *2–3 (although insurance provider's failure to find the defendant's policy caused the defendant's delay in answering the complaint, the sanction of attorney's fees relating to the plaintiff's motion for entry of default was appropriate); *Macregen*, 2021 WL 2223771, at *1–2 (finding that attorney's fees for all stages of default was an appropriate sanction where the plaintiff motioned for both entry of default and default judgment).

> 2. **Plaintiffs have failed to provide the Court with sufficient materials to consider the reasonableness of Plaintiffs' requested attorney's fees.**

It their Motion, Plaintiffs provide only one paragraph of argument regarding the reasonableness of their requested attorney's fees.  (ECF No. 39 at p. 5).  Plaintiffs assert that attorney Samuel J. Briggs worked on the relevant default motions for 6.4 hours at a rate of

$370.00/hour. Furthermore, Plaintiffs assert that attorney Michael Nakamura worked on the relevant default motions for 2.4 hours at a rate of $540.00/hour. Without more, the Court cannot properly consider the reasonableness of Plaintiffs' requested attorney's fees. However, the Court will permit Plaintiffs to refile their Motion and support it with the requisite materials.

In refiling their Motion, Plaintiffs should observe this Court's Local Rule 109 and Appendix B. A non-exhaustive list of materials which should accompany a motion for attorney's fees include: (1) detailed billing invoices, (2) affidavits attesting to billing, (3) details regarding counsels' experience and duration of practice, (4) justification for the Court departing from the presumptively reasonable hourly rates recognized in the Court's Local rules, (6) and a substantive application of the twelve factors relevant to the lodestar analysis.

### IV.   Conclusion

For the reasons provided above, Plaintiffs' Motion for Costs and Attorney's Fees against Defendant June 74 is hereby **DENIED**. Accordingly, it is hereby **ORDERED** that:

1. If Plaintiffs still seek attorney's fees regarding ECF Nos. 20 and 21, Plaintiffs must file a motion for attorney's fees sufficient for this Court's consideration by February 2, 2023; and

2. Defendant June 74 may respond to any such motion for attorney's fees within fourteen (14) days of Plaintiffs filing it, but Defendant June 74 is limited to argument regarding the reasonableness of any requested fee amount.

Date: <u>January 25, 2023</u>                                         /s/
                                                                 J. Mark Coulson
                                                                 United States Magistrate Judge